**WAYNE FURNITURE COMPANY, Plaintiff-Appellant, v. DAYTON CITY et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County

No. 1766. Decided January 17, 1944

Victor Jacobs, Dayton, for plaintiff-appellant.

Herbert S. Beane, Dayton, Maurice J. Gilbert, Dayton, for Defendants-Appellees.

## OPINION

By BARNES, P. J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

To plaintiff's original petition, defendant filed an answer to which plaintiff filed a reply. Later plaintiff obtained permission to withdraw its reply and file a general demurrer to defendants' answer.

On hearing, the court overruled plaintiff's demurrer and in its opinion pointed out the insufficiency of plaintiff's petition.

Thereafter, upon leave, plaintiff filed an amended petition to which defendant filed a general demurrer. After hearing, defendants' demurrer was sustained and, plaintiff

not desiring to plead further, its petition was dismissed and cost adjudged against plaintiff.

This was the final order from which plaintiff filed its appeal on questions of law. Plaintiff's amended petition in substance alleged that it maintained a warehouse in the city of Dayton, Ohio, in which a large quantity of furniture was stored; that said warehouse was equipped with a sprinkler system for fire prevention and protection; that said sprinkler system is connected with the water mains of the city of Dayton, Ohio, by a six inch fire line; that no water whatever passes through said connection at any time except as it might flow into plaintiff's sprinkler system to extinguish a fire.

That the defendant, W. W. Moorehouse, as director of the Department of Water of the city of Dayton, Ohio, has made certain rules and regulations for water users which rules and regulations were duly adopted by the said director and by the commission of the city of Dayton, Ohio, and which are claimed by said defendants to be applicable to plaintiff. Such rules and regulations so far as they are pertinent read as follows:

"The following charges shall be made for fire line service:

| Size of Service | Rate per Quarter |
| --- | --- |
| 6'' | $20.00 |

In all cases property owners have the right to install fire line meters of a design approved by the Department of Water at their own expense. Then the only charge would be for water consumed, plus $5.00 per year for inspection."

Said rules and regulations further provide:

"Any property owner who has meter service in addition to fire line service, shall be entitled to rebate of 25 cents on his fire line charge for every dollar paid each quarter for meter service, up to the full amount of the fire line charge and this rebate shall in no way change or affect the rule for discount or penalty on the meter service."

The amended petition further alleges that W. W. Moorehouse, as director of the Department of Water of the city of Dayton, Ohio, has attempted by reason of the existence of said fire line to assess and collect from plaintiff the sum of

$80.00 per year ($20.00 per quarter) and in default of the payment by plaintiff of said charges, he and the defendant, the city of Dayton, Ohio, threaten to and will, unless restrained and enjoined, shut off said fire line to plaintiff's irreparable loss and damage, for which plaintiff has no adequate remedy at law. The amended petition further alleges that the defendant, W. W. Moorehouse, and the defendant, the city of Dayton, Ohio, are without legal authority to make such charges, or to shut off said fire line, for said cause. Plaintiff admits that the charge of $5.00 per year for inspection is reasonable and herewith tenders said inspection fee. The plaintiff says that neither the defendant, W. W. Moorehouse, as director of the Department of Water of the city of Dayton, Ohio, nor the city of Dayton, Ohio, had any right in law to charge for supplying water for extinguishing fires at the rate of $80.00 per year, or in any othe rsum, as said charges are specifically forbidden by reason of §3963 GC of the State of Ohio. That said charges, except as herein admitted, are arbitrary, discriminatory and without legal foundation. Plaintiff, in its amended petition, further alleges that said premises are surrounded by dwellings, and other structures, built with and containing combustible materials, and that the shutting off of said fire line would create a condition of public peril. Through the prayer of the amended petition plaintiff asks that defendant be restrained and permanently enjoined from shutting off said fire line and that said defendants be ordered to cancel and expunge from their books any charge or charges for said fire line service, etc., and for such other and further relief to which it may be entitled in the premises.

Reduced to a short and concise statement, it is the claim of plaintiff that the defendant is without right to make a charge against it for furnishing water for its sprinkler system installed in its warehouse. Appellant's assignments of errors are set out in three separately numbered and stated specifications. The legal question presented may ·be encompassed in a single inquiry as to the sufficiency of the amended petition. Counsel for appellant in their brief cite and comment on the case of **East Cleveland v Board of Educaton, 112 Oh St 607.** This was a five to two decision but the Court of Appeals was affirmed by the minority by reason of the constitutional question being presented. Later the identical constitutional question was presented to the ·higher court in the case of Board of Education v City of Columbus. We arrived at a directly opposite view than did the Court of Appeals of the Eighth District. Our decision was certified to the Supreme Court and

our court affirmed in **118 Oh St 295.** Thus it develops that our opinion, sustained by the Supreme Court, becomes the fixed law in this district. With our Court it is settled law that **§3963 GC,** in certain respects is unconstitutional. This is the section relied upon by counsel for appellant. We do not mean to say that the particular portion of §3963 GC, referred to by counsel for appellant is unconstitutional but we do say that it may not be given the construction that is given to it by appellant.

Counsel for appellant also quotes from the case of Gordon and Ferguson v Doran 111 N. W. 272. (100 Minn. 343 at 348.) The third syllabus in the above entitled case denies appellant's contention.

We have been favored with a written opinion of the trial court. This opinion shows careful thought and analysis. Without further comment we adopt it as our own.

Plaintiff-appellant's appeal will be dismissed and the judgment of the trial court affirmed.

Costs in our court will be charged against appellant.

Cause remanded for collection of costs and any further proceedings required under the law.

HORNBECK and GEIGER, JJ., concurring.

## ON APPLICATION FOR REHEARING

Decided February 23, 1944

BY THE COURT:

The above entitled cause is now being determined on plaintiff-appellant's application for rehearing. A short memoranda accompanies the application. We find nothing not considered by us before releasing our original opinion.

We still adhere to the pronouncements therein made.

Application for rehearing will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.